UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| MACK DAVIS, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. V-11-47 |
| § | |
| WELLS FARGO BANK, N.A., *et al.*, § | |
| § | |
| Defendants. § | |

## OPINION & ORDER

Pending before the Court is Defendants Wells Fargo Bank, N.A., Wachovia Bank, N.A., Wachovia Settlement Services, LLC, Greenlink, LLC, Wells Fargo Home Mortgage, Inc., and America's Servicing Company's ("Defendants") Verified Motion to Abate (Dkt. No. 4). Having considered Defendants' motion, Plaintiffs' response (Dkt. No. 5), Defendants' reply (Dkt. No. 12), the record, and the applicable law, the Court is of the opinion that Defendants' motion should be **GRANTED**.

**I. Background**

On August 31, 2011, Plaintiffs filed this proposed class action against Defendants for, among other things, alleged violations of the Texas Deceptive Trade Practices Act (DTPA). Specifically, Plaintiffs allege that Defendants violated the DTPA by implementing a scheme to drive down property values in The Sanctuary at Costa Grande in Port O'Connor, Texas. Because Plaintiffs did not give Defendants the statutorily required written notice of their DTPA claims before filing this lawsuit, Defendants now move the Court to abate this action until the 60th day after the date that Plaintiffs provide the written notice required by the DTPA.

**II. Legal Standard**

A plaintiff must give a defendant at least sixty days' notice before filing a DTPA lawsuit. TEX. BUS. & COM. CODE § 17.505(a). This notice requirement is meant "to discourage litigation

and to encourage settlement of consumer complaints." *Hines v. Hash*, 843 S.W.2d 464, 468 (Tex. 1992). As such, the DTPA provides in part:

> As a prerequisite to filing a suit seeking damages under [section 17.50(b)(1)] of this subchapter against any person, a consumer shall give written notice to the person at least 60 days before filing the suit, advising the person in reasonable detail of the consumer's specific complaint and the amount of economic damages, damages for mental anguish, and expenses, including attorneys' fees, if any, reasonably incurred by the consumer in asserting a claim against the defendant.

TEX. BUS. & COM. CODE § 17.505(a).

Notice is not required if it is impracticable because the statute of limitations is about to expire or if the plaintiff's claim is brought as a counterclaim. *Id.* § 17.505(b). "However, to benefit from this exception, '[a] plaintiff must *plead* and prove that he qualifies for the limitations exception.'" *Camp v. RCW & Co., Inc.*, 2007 WL 1306841, *11 (S.D. Tex. May 3, 2007) (quoting *Winkle Chevy-Olds-Pontiac, Inc. v. Condon*, 830 S.W.2d 740, 745 (Tex. App.—Corpus Christi 1992, writ dism'd)) (emphasis in *Camp*). If "[t]he complaint does not invoke the limitations exception to the notice requirement, . . . it is therefore inapplicable." *Id.*; *see also Christopher v. Nationwide Cas. and Property Co.*, 2011 WL 285143, *2 (S.D. Tex. Jan 25, 2011) (granting defendant's motion to abate where "Plaintiff's Original Petition ma[de] no mention of the impending expiration of any statute of limitations, the requirement of pre-filing notice and exceptions thereto, or any impracticability in submitting pre-filing notice," and in response to defendant's motion to abate, "Plaintiff [did] not offer proof that it would not have been possible for her to send notice to [defendant] in sufficient time to avoid the limitations period's bar on a lawsuit.").

**III. Analysis**

In response to Defendants' Verified Motion to Abate, Plaintiffs state for the first time that they did not provide Defendants with notice advising Defendants of the substance of their DTPA claims because the running of the statute of limitations was imminent. As proof, Plaintiffs offer

2

the declaration of their attorney, Craig M. Sico, which states that pre-suit notice was impracticable because the statute of limitations would have run on Harry Allen Fawcett's DTPA claim. (Dkt. No. 5, Ex. A ¶ 4.)

Here, as in *Christopher v. Nationwide Cas. and Property Co.*, Plaintiffs' Original Complaint makes "no mention of the impending expiration of any statute of limitations, the requirement of pre-filing notice and exceptions thereto, or any impracticability in submitting pre-filing notice." 2011 WL 285143 at *2. Moreover, Mr. Fawcett is not a plaintiff in this action, and the named Plaintiffs fail to explain how the possible running of limitations on a *potential class member's claim* prevented them from providing Defendants with proper notice of *their own claims* under the DTPA before filing suit. Thus, due to Plaintiffs' failure to plead and offer proof of impracticability, the Court finds that the limitations exception to the notice requirement is inapplicable.

**IV. Conclusion**

For the aforementioned reasons, Defendants' Verified Motion to Abate (Dkt. No. 4) is **GRANTED**, and this action is **ABATED** until sixty (60) days after the date Plaintiffs provide Defendants with written notice that complies with Section 17.505 of the Texas Business and Commerce Code. The Parties shall notify the Court when this has occurred.

It is so **ORDERED**.

**SIGNED** this 7th day of December, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE